IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 14, 2017

## STATE OF TENNESSEE v. MICHAEL V. MORRIS

**Appeal from the Criminal Court for Davidson County**
**No. 2005-B-875      Monte Watkins, Judge**

_____

### No. M2017-01229-CCA-R3-CD

_____

The Defendant, Michael V. Morris, appeals the trial court's denial of his motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. On appeal, the Defendant alleges that he was incorrectly sentenced as a career offender. Upon reviewing the record and the applicable law, we affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Michael V. Morris, Hartsville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 2006, the Defendant was convicted of an aggravated robbery that occurred in August 2004 and was sentenced as a career offender to thirty years in confinement at sixty percent. This court affirmed the Defendant's conviction on direct appeal. *See State v. Michael V. Morris*, No. M2006-02738-CCA-R3-CD, 2008 WL 544567, at *1 (Tenn. Crim. App. Feb. 25, 2008), *perm. app. denied* (Tenn. Aug. 25, 2008). The Defendant filed a petition for post-conviction relief, which the post-conviction court denied, and this court affirmed the post-conviction court's judgment on appeal. *Michael V. Morris v.*

*State*, No. M2010-02069-CCA-R3-PC, 2012 WL 76905, at *1 (Tenn. Crim. App. Jan. 6, 2012), *perm. app. denied* (Tenn. Apr. 20, 2012).

The Defendant has since filed multiple habeas corpus petitions challenging his status as a career offender, all of which have been unsuccessful. *See Michael V. Morris v. State*, No. M2008-02113-CCA-R3-HC, 2010 WL 2075933, at *1, 4 (Tenn. Crim. App. May 25, 2010), *perm. app. denied* (Tenn. Aug. 26, 2010); *Michael V. Morris v. James Fortner*, No. M2008-01022-CCA-R3-HC, 2009 WL 690304, at *1-3 (Tenn. Crim. App. Feb. 26, 2009).

On December 19, 2016, the Defendant filed a motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1, in which he challenged his status as a career offender. He argued that the trial court erred in relying upon his pre-1982 convictions from Texas in finding that he was a career offender. The Defendant did not include any information as to what the pre-1982 Texas convictions were or the year in which he was convicted, his criminal history, or all of the convictions that the trial court considered in finding that he was a career offender. On May 26, 2017, the trial court entered an order summarily dismissing the Petitioner's motion. The Petitioner filed a timely notice of appeal.

## ANALYSIS

Tennessee Rule of Criminal Procedure 36.1 permits a defendant to seek correction of an illegal sentence. "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2) (2016). If the defendant states a "colorable claim" in his motion, the trial court shall appoint counsel if the defendant is indigent and not represented by counsel and hold a hearing on the motion, unless the parties waive the hearing. Tenn. R. Crim. P. 36.1(b)(3). A "colorable claim" is "a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under 36.1." *State v. Wooden*, 478 S.W.3d 585, 593 (Tenn. 2015).

The definition of an "illegal sentence" under Rule 36.1 "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *Id.* at 594-95. Sentencing errors may be clerical, appealable, or fatal, and only fatal errors render a sentence illegal. *Id.* at 595. Clerical errors "'arise simply from a clerical mistake in filling out the uniform judgment document' and may be corrected at any time under Tennessee Rule of Criminal Procedure 36." *Id.* at 595 (quoting *Cantrell v. Easterling*, 346 S.W.3d 445, 452 (Tenn. 2011)). Appealable errors are "'those errors for which the Sentencing Act specifically provides a right of direct appeal'" and "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence."

*Id.* (quoting *Cantrell*, 346 S.W.3d at 449). Fatal errors are "'so profound as to render the sentence illegal and void'" and include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offense." *Id.* (quoting *Cantrell*, 346 S.W.3d at 452).

The Defendant raises multiple arguments in support of his claim that the trial court erred in concluding that his "pre-1982" convictions in Texas constituted Class C felonies under the 1989 Sentencing Act and in applying the convictions to find that the Petitioner was a career offender. While he challenges the constitutionality of Tennessee Code Annotated section 40-35-108, the career offender statute, the Petitioner failed to raise the issue in his motion, and, therefore, the issue is waived. *See Cauthern v. State*, 145 S.W.3d 571, 599 (Tenn. Crim. App. 2004) ("[A]n issue raised for the first time on appeal is waived.") (citing *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996)). With regard to the Petitioner's remaining argument we note that any error by the trial court "in offender classification," generally, does not "render the sentence illegal so long as the classification falls within the purview of the Sentencing Act." *Cantrell*, 346 S.W.3d at 458. This court has repeatedly held that any claims of error by the trial court in determining offender classification did not render the sentence illegal and did not warrant relief pursuant to Tennessee Rule of Criminal Procedure 36.1. *See, e.g., State v. Torian Dillard*, W2016-01551-CCA-R3-CD, 2017 WL 2199171, at *4 (Tenn. Crim. App. May 18, 2017), *perm. app. denied* (Tenn. Sept. 22, 2017); *State v. Anthony Robinson*, No. W2015-02482-CCA-R3-CD, 2016 WL 7654949, at *2 (Tenn. Crim. App. Aug. 26, 2016); *State v. Robert B. Ledford*, No. E2014-01010-CCA-R3-CD, 2015 WL 757807, at *2-3 (Tenn. Crim. App. Feb. 23, 2015); *Jeffery Yates v. State*, No. W2014-00325-CCA-R3-CO, 2015 WL 128097, at *4 (Tenn. Crim. App. Jan. 8, 2015). The Defendant's thirty-year sentence for aggravated robbery, a Class B felony, is a statutorily authorized sentence for a Range III, career offender. *See* T.C.A. §§ 39-13-402(b), 40-35-108(c); 40-35-112(c)(2). Accordingly, the Defendant failed to state a colorable claim for relief in his motion, and the trial court properly dismissed the motion without a hearing.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action is taken in a proceeding without a jury, such judgment or action is not a determination of guilt, and the evidence does not preponderate against the findings of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

JOHN EVERETT WILLIAMS, JUDGE